UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHIANTI M. JONES** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| **WHOLE FOOD COMPANY, INC.** <br> **d/b/a WHOLE FOODS MARKET** | **MAGISTRATE** |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, Chianti M. Jones ("Plaintiff" or "Jones"), through undersigned counsel, and files this complaint to obtain full and complete relief and to redress the unlawful employment practices suffered by her as described herein.

## I. PRELIMINARY STATEMENT

1. This action for employment discrimination seeks declaratory, injunctive and equitable relief, back pay, reinstatement (or in lieu thereof, front pay), compensatory damages, punitive damages, attorney's fees, prejudgment interest, and costs for discrimination, harassment, and hostile work environment based on race and sex, and retaliation, against Whole Food Company, Inc., d/b/a Whole Foods Market, in its treatment of Chianti M. Jones, including terminating her employment.

-1-

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e et. seq. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the actions arise under the laws of the United States.

3. Jones has received her right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f).

4. Declaratory, injunctive, and equitable relief is sought pursuant to 42 U.S.C. 2000e-5(g).

## III. VENUE

5. This action properly lies in the Eastern District of Louisiana because the discrimination and retaliation occurred while Jones was employed by Defendant in Metairie, Louisiana. Further, Jones was terminated from her employment with Defendant while she was employed in Defendant's Metairie, Louisiana location.

## IV. PARTIES

6. Plaintiff, Jones, is a person of the full age of majority and is a resident of the Eastern District of Louisiana.

7. Whole Food Company, Inc., d/b/a Whole Foods Market (hereafter referred to as "Whole Foods") is a Louisiana business corporation qualified to do business in the Eastern District of Louisiana.

## V. FACTS

8. Jones was hired by Whole Foods on October 28, 2008 and worked at the Veterans Memorial Boulevard location in Metairie, Louisiana.

9. Jones worked in the Prepared Foods section of the store.

10. At all times during her employment, Jones' immediate supervisor was Matthew Alexander ("Mr. Alexander").

11. James Cook ("Mr. Cook") was the Assistant Store Team Leader.

12. Beginning in July 2009, Mr. Alexander made direct and indirect inappropriate sexual advances toward Jones. Jones made it clear to Mr. Alexander that she was not interested in dating him, that his advances were unwelcome and that it was against Whole Foods' policy for team members to date.

13. Despite constantly telling Mr. Alexander that she was not interested, and even threatening to report Mr. Alexander's sexually offensive behavior to management, Mr. Alexander continued to pursue a relationship with Jones and continued to sexually harass her.

14. The sexually harassing behavior of Mr. Alexander included, but was not limited to, comments of a sexual nature, questions regarding Jones' sexual activity, speculation regarding Jones' sexual activity, and sexually explicit jokes.

15. Mr. Alexander would ask Jones questions such as, "do you have a boyfriend?" "who are you dating?" and "what do you look for in a man?" Mr. Alexander also made sexual innuendos, such as, "your boyfriend must not know how to please you," and "your boyfriend must not be putting in on you right because if he did you would not be coming to work with an attitude." Further, Mr. Alexander constantly told Jones to "quit your job so we can go out."

16. Mr. Alexander even went so far as to tell Mr. Cook that Jones intended to quit her job. When Jones told Mr. Alexander that she had no intention of quitting and that if he did not

stop harassing her, she would report him to management, Mr. Alexander laughed and said that "[management] won't believe you."

17. On September 29, 2009, a male customer ordered a sandwich from the deli where Jones was working. When Jones informed the customer that the store was out of avocados, the customer became angry and called Jones a "stupid ass nigger." Jones immediately informed another supervisor, Sheila Rue ("Ms. Rue") of the incident.

18. The store manager, Brian Adams ("Mr. Adams"), approached Jones after the incident and told her that the customer reported to him that Jones was rude. Jones told Mr. Adams that the customer did not tell the truth and, in fact, called her a "stupid ass nigger." Mr. Adams stated that "the customer may have had a bad day or maybe he was angry because every time he comes into the store we are out of something and he just took it out on you."

19. Jones indicated that there was no excuse for anyone to call her a "nigger" and asked Mr. Adams if he was going to do anything about the customer. Mr. Adams told Jones to not worry about it and asked "why would you let this man control your emotions?" Jones told Ms. Rue that she was not happy with the way Mr. Adams handled this incident.

20. The next day, Jones complained to Mr. Cook about the incident and how she was dissatisfied with the way Mr. Adams handled it.

21. On October 2, 2009, Jones met with Eugene Cole ("Mr. Cole"), the Team Leader of Prepared Foods and Mr. Cook about the incident. Both Mr. Cole and Mr. Cook assured Jones that the customer would not be welcome in the store and that they would take care of it from here on out.

22. Shortly thereafter, Sandra Hymes, Vice President of Southeast Regional, visited the Veterans Boulevard store. Jones complained to Ms. Hymes about the incident with the customer and that management had not taken steps to show concern in the matter. Ms. Hymes told Mr. Cook to take care of the situation and to do it quickly.

23. After complaining to Ms. Hymes, Jones was written up several times. Mr. Cole told her that she "has a smart mouth," she "needs to learn to keep her mouth shut," and "if a supervisor asked you to do something, do it regardless of how rude he speaks to you."

24. Several times after being assured the customer would not be allowed back in the store, Jones noticed the same customer who called her a "stupid ass nigger" shopping in the store.

25. Further, during this time, Mr. Alexander continued to harass Jones. Mr. Alexander invited Jones to his home numerous times and continued to make sexual innuendos. For example, Mr. Alexander stated that he "would love to put it on [Jones] because that would control [her] mood swings."

26. Jones requested that Mr. Cook allow her to transfer to another department under a different supervisor so that she could get away from Mr. Alexander and was told no. Mr. Cook stated further that he has had "several conversations with Matthew about the way he talks to people, but I can't make a person be a good supervisor."

27. In November 2009, Jones had her job dialog with Celeste Davis ("Ms. Davis"), the Assistant Team Leader. At the end of the dialog, Jones told Ms. Davis about Mr. Alexander's sexually harassing behavior. Jones stated that she did not want Mr. Alexander saying anything to her unless it was work related, that she was tired of it all, and that she wanted something to be

done about Mr. Alexander.

28. In late January 2010, Jones was called into a meeting with Ms. Davis, Chaka Louder, and Mr. Alexander. During this meeting, Jones made it clear that she was having a problem with Mr. Alexander and that she did not want him to say anything to her unless it was work related.

29. On February 4, 2010, Jones was called into another meeting with Ms. Davis and Mr. Alexander. At this meeting, Ms. Davis informed Jones that Mr. Alexander reported that she was not talking to him and that she was creating tension in the department. Jones reiterated that the problem was Mr. Alexander and how he has continuously sexually harassed her. Ms. Davis said she would refer the matter to Mr. Cole.

30. On February 10, 2010, Jones was called into yet another meeting with Ms. Davis and Mr. Cole. During this meeting, Jones was informed that she was being written up for not putting out samples and for insubordination toward Mr. Alexander. Jones informed Ms. Davis and Mr. Cole that she wanted to file a written complaint of sexual harassment against Mr. Alexander. Mr. Cole laughed and stated that she "has got to be joking." Mr. Cole ended the meeting by saying, "why can't you just come to work and be quiet?"

31. Due to all the stress this harassment and retaliation has caused her, Jones took a leave of absence from February 17 through May 11, 2010.

32. On February 23, 2010, Jones reported that she was being discriminated against and harassed via the Whole Foods complaint hotline, which is confirmed in writing. She further complained that her supervisors and other members of management, specifically, Mr.

Adams, Mr. Cook, Mr. Cole, Mr. Alexander and Ms. Davis, were involved.

33. On or about February 25, 2010, Jones sent certified letters complaining of sex and race discrimination and retaliation to the CEO of Whole Foods, John Mackey, with a copy to Mark Dixon, Sandra Hymes and Roberta Lang.

34. On March 2, 2010, Jones filed a Charge of Discrimination with the E.E.O.C. alleging race discrimination, sex discrimination and retaliation.

35. While shopping in the store one day during her leave, Jones was approached by Mr. Cook and told that he was written up because of her and that he could have lost his job. Mr. Cook told Jones that because of her, Mr. Alexander was being transferred to the Arabella Station store.

36. Upon her return from leave, the retaliation became worse.

37. Jones' co-workers were rude to her and made comments such as, "you are the one who has started all of the mess in the store."

38. Further, when Jones returned she gave her supervisor a copy of her school schedule. Despite having a copy of the days and times she would be in class, Jones was scheduled for work during those times and was written up for missing a shift.

39. On June 4, 2010, Jones called the Whole Foods hotline, which is confirmed in writing, to report her concerns regarding retaliation by management since her return from leave.

40. On June 5, 2010, Jones called the Whole Foods hotline, once again confirmed in writing, to provide additional information to her complaint filed on February 23, 2010. This additional information included, but was not limited to, a complaint that the customer who called her

a "stupid ass nigger" was shopping in the store despite Mr. Cook's assurances that the customer would not be welcome back in the store and a complaint that Jones believed she was being retaliated against by Mr. Cook and Mr. Cole.

41. On June 6, 2010, Jones overheard a conversation between Mr. Cook and Mitzi Miceli. During the conversation, Mr. Cook stated that Jones was disrespectful and that he was going to do everything in his power to have her terminated because she is the reason he received a final warning.

42. On June 7, 2010, Jones called the Whole Foods hotline, again confirmed in writing, to report the incident from the previous day, i.e., the telephone conversation she overheard.

43. Jones was terminated on June 11, 2010.

44. Whole Foods did not conduct an appropriate investigation into any of Jones' complaints regarding race discrimination, sexual harassment and retaliation; nor did Whole Foods implement reasonable remedial measures in response to Jones' complaints. Instead, Whole Foods instigated a scheme to protect those involved in harassing and retaliating against Jones and a scheme to unfairly force her resignation or termination.

45. Jones was terminated in retaliation for complaining about Mr. Alexander's sexually harassing conduct and for complaining about management's lack of response when a customer called her a "stupid ass nigger."

46. Jones was also terminated for filing a Charge of Discrimination with the E.E.O.C.

47. Jones was also terminated because of race and sex discrimination.

48. The harassment suffered by Jones was based on her race and sex.

49. The harassment suffered by Jones was severe or pervasive, or both.

50. The harassment suffered by Jones affected a term, condition, or privilege of her employment.

51. Whole Foods knew or should have known of the harassment and failed to take remedial action.

52. The acts of Whole Foods were practiced with malice and/or reckless disregard to Jones' federally protected rights.

53. As a direct result of the above acts of Whole Foods, Jones has suffered pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation.

## VI. CAUSES OF ACTION

54. By the above acts Whole Foods has violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by terminating Jones and subjecting Jones to harassment based on her sex and race, and by retaliating against Jones.

## VII. PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff prays that this Court:

   a. Declare that the acts and practices of the Company complained of herein are in violation of United States law;

   b. Enjoin and permanently restrain the Company from engaging in such unlawful practices;

   c. Award Plaintiff all earnings she did not receive because of the actions of the Company, including but not limited to back pay, pre-judgment interest, bonuses, pension, and any other lost benefits;

   d. Reinstate Plaintiff to the position she would have occupied but for the Company's treatment, or in lieu thereof, award Plaintiff front pay.

   e. Award Plaintiff compensatory damages for pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation;

   f. Award Plaintiff punitive damages;

   g. Award Plaintiff costs, expert witness fees, and attorney's fees;

   h. Grant Plaintiff any such relief as this Court may deem just and proper.

## VIII. JURY DEMAND

56. Jones demands trial by jury of all issues in this action.

Respectfully Submitted,

_____
JAMES L. ARRUEBARRENA (#22235)
James L. Arruebarrena, LLC
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 525-2520
Facsimile (504) 581-7083

VICTOR R. FARRUGIA # 19324
Attorney at Law
1010 Common Street
Suite 3000
New Orleans, LA 70112
Telephone:(504) 525-0250
Facsimile:(504) 581-7083

And

RACHEL MARTIN-DECKELMANN (#32195)
James L. Arruebarrena, LLC
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 212-4166
Facsimile (504) 581-7083

**Attorneys for Chianti M. Jones**

**PLEASE SERVE:**

WHOLE FOOD COMPANY, INC., D/B/A WHOLE FOODS MARKET
through its registered agent for service of process

CT CORPORATION SYSTEM
5615 CORPORATE BLVD., STE. 400B
BATON ROUGE, LA 70808